# EXHIBIT 3

Received Date Feb 06 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------

EMMANUEL A. ADIGUN,                                    Index No. 260664/2019

               Plaintiff,                **NOTICE OF MOTION TO**
                                                       **VACATE ORDER GRANTING**
    -against-                                 **PLAINTIFF'S ORDER TO**
                                                       **SHOW CAUSE WITH T.R.O.**
ECMC, INTERNAL REVENUE SERVICE,                        **ENTERED ON DEFAULT**
SOCIAL SECURITY ADMINISTRATION,                        **AGAINST EDUCATIONAL**
PREMIER CREDIT OF N. AMERICA, NYS                      **CREDIT MANAGEMENT**
HIGHER EDUCATION SERVICES, and                         **CORPORATION PURSUANT**
WACHOVIA EDUCATIONAL SERVICES,                         **TO CPLR § 5015(a)(1)**

               Defendants.
--------------------------------------------------------------------

| | |
|---|---|
| **Motion By:** | Defendant Educational Credit Management Corporation |
| **Motion is Returnable** | February 24, 2020, at 9:30 am, or as soon thereafter as counsel may be heard, at the Supreme Court of New York, Room 217, at the courthouse located at 851 Grand Concourse, Bronx, New York 10451. |
| **Supporting Papers:** | Affirmation in support of Kenneth L. Baum, Esq., dated February 4, 2020, together with the exhibits attached thereto |
| **Relief Requested:** | An Order vacating the November 25, 2019 Order granting plaintiff's Order to Show Cause with T.R.O. entered on default against defendant Educational Credit Management Corporation pursuant to CPLR § 5015(a)(1), and such other and further relief as is just, necessary, and proper. |
| **Answering Affidavits:** | If any, must be served upon the undersigned at least seven (7) days before the return date of this motion. *See* CPLR § 2214. |

Received Date:Feb 06 2020

Dated: Hackensack, NJ
     February 4, 2020

LAW OFFICES OF KENNETH L. BAUM
LLC

By: _Kenneth L Baum_

    Kenneth L. Baum
    Attorneys for Defendant Educational
    Credit Management Corporation
    167 Main Street
    Hackensack, NJ 07601
    (201) 853-3030

TO:

EMMANUEL A. ADIGUN
Plaintiff *Pro Se*
3605 Marolla Place
Bronx, NY 10466

2

Received Date Feb 06 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------
EMMANUEL A. ADIGUN,

               Plaintiff,

    -against-

ECMC, INTERNAL REVENUE SERVICE,
SOCIAL SECURITY ADMINISTRATION,
PREMIER CREDIT OF N. AMERICA, NYS
HIGHER EDUCATION SERVICES, and
WACHOVIA EDUCATIONAL SERVICES,

             Defendants.
---------------------------------------------------------------

Index No. 260664/2019

**AFFIRMATION OF
KENNETH L. BAUM IN
SUPPORT OF MOTION TO
VACATE ORDER GRANTING
PLAINTIFF'S ORDER TO
SHOW CAUSE WITH T.R.O.
ENTERED ON DEFAULT
AGAINST EDUCATIONAL
CREDIT MANAGEMENT
CORPORATION PURSUANT
TO CPLR § 5015(a)(1)**

**Return Date: February 24, 2020,
at 9:30 a.m.**

      KENNETH L. BAUM, an attorney admitted to practice before the Courts of the State of

New York, affirms, upon penalty of perjury, as follows:

      1.     I am a member of Law Offices of Kenneth L. Baum LLC, attorneys for defendant

Educational Credit Management Corporation, sued herein as "ECMC" ("ECMC").

      2.     I submit this affirmation upon personal knowledge based on my review of my

firm's file in this matter and my day-to-day handling of this matter.

      3.     This affirmation is submitted in support of ECMC's motion to vacate the Court's

November 25, 2019 Order granting plaintiff Emmanuel A. Adigun's ("Plaintiff") *Order to Show*

*Cause with T.R.O. in Civil Action* (the "Order to Show Cause") entered on default against ECMC

pursuant to CPLR § 5015(a)(1), and such other and further relief as is just, necessary, and proper.

Received Date Feb 06 2020

## BACKGROUND

4.      On November 6, 2019, my office served the *Affirmation of Kenneth L. Baum in Opposition to Plaintiff's Order to Show Cause with T.R.O.* (the "Baum Affirmation") upon Plaintiff and defendants U.S. Department of the Treasury and Premier Credit of North America *via* overnight mail. (A true copy of the Baum Affirmation is attached hereto as **Exhibit A.**) Later that same day, I called the Chambers of the assigned Judge, the Honorable Ruben Franco, J.S.C., to inquire whether appearances would be required on the listed return date of November 13, 2019, or that date would be for submission only. I was advised that that date was for submission only, that there would be no actual hearing on November 13 for which my attendance would be required, and that the Court would advise the parties at a later date if an actual hearing would be scheduled. (True copies of my contemporaneous notes of my November 6, 2019 discussion with Judge Franco's Chambers are attached hereto as **Exhibit B.**)

5.      On November 13, 2019, my office caused the Baum Affirmation to be filed with the Court *via* United Lawyers Service. Based on my prior conversation with Judge Franco's Chambers, I did not appear in Court that day.

6.      On January 15, 2020, I received a copy of the Court's November 25, 2019 Order granting Plaintiff's Order to Show Cause against ECMC (the "November 25, 2019 Order") in the mail. That Order notes, *inter alia*, that "Plaintiff's application, as applicable to Education Credit Management Corp (ECMC), to stay all collection actions in connection with the September 15, 1982 student loan made by Wachovia Services, Inc., is granted on default due to ECMC's failure to appear at the conference held on November 13, 2019...." The November 25, 2019 Order also directed Plaintiff to "serve a copy of this Order with Notice of Entry upon defendants within 20 days of the date of entry of this Order." As noted above, however, I did not receive the

2

Received Date Feb 06 2020

November 25, 2019 Order or the accompanying Notice of Entry (true copies of which are

attached hereto collectively as **Exhibit C**) until January 15, 2020.  Moreover, given the prior

information I had received from Judge Franco's Chambers that no actual hearing would be held

on November 13, 2019, it was unclear why the Order had been entered on default against

ECMC.

## THE NOVEMBER 25, 2019 ORDER, WHICH WAS ENTERED ON DEFAULT AGAINST ECMC, SHOULD BE VACATED PURSUANT TO CPLR § 5015(a)(1)

7.      CPLR § 5015 provides, in relevant part, that, "[t]he court which rendered a

judgment or order may relieve a party from it upon such terms as may be just, on motion … upon

the ground of … excusable default, if such motion is made within one year after service of a

copy of the judgment or order with written notice of its entry upon the moving party, or, if the

moving party has entered the judgment or order, within one year after such entry …." CPLR §

5015(a)(1).

8.      Accordingly, "it is the general policy of the courts to permit actions to be

determined by a trial on the merits wherever possible and for that purpose a liberal policy is

adopted with respect to opening default judgments in furtherance of justice to the end that the

parties may have their day in court to litigate the issues." 38 Holding Corp. v. City of New

York, 179 A.D.2d 486, 487, 578 N.Y.S.2d 174 (1st Dep't 1992) (citations omitted).

9.      In applying CPLR § 5015(a)(1), courts require that a party seeking relief from an

order demonstrate both, "a reasonable excuse for their failure to appear and a meritorious cause

of action." Gal-Ed v. 153rd Street Associates, LLC, 73 A.D.3d 438, 901 N.Y.S.2d 592, 593 (1st

Dept. 2010) (citations omitted). *See also* Price v. Polisner, 172 A.D.2d 422, 568 N.Y.S.2d 796

(1st Dep't 1991) (defendant's motion to vacate default granted where he acted promptly after

entry of default and default was not willful).

Received Date Feb 06 2020

10.     Here, given that ECMC filed and served written opposition to Plaintiff's Order to Show Cause, and would have appeared at the November 13, 2019 hearing on the same but for instructions that that date was for submissions only, there is a very reasonable excuse for ECMC's failure to appear.  Moreover, as described in the Baum Affirmation, ECMC has several meritorious defenses to the Order to Show Cause, to wit: (i) the student loans owed by Plaintiff to ECMC are *not* the same loans referenced in the Order to Show Cause; (ii) because ECMC, as a guaranty agency under FFELP, is required to attempt an annual offset against eligible borrowers pursuant to 34 C.F.R. § 682.410(b)(6)(v), Plaintiff's claim that any federal tax refunds were improperly offset should be rejected; and (iii) to the extent Plaintiff contests ECMC's ability to assess collection costs, those costs are mandated by 34 C.F.R. § 682.410(b)(2) and 20 U.S.C. § 1091a.  (Baum Affirmation at ¶¶ 11-12.)

11.     Accordingly, because ECMC has satisfied the standards for obtaining relief pursuant to CPLR § 5015(a)(1), the November 25, 2019 Order should be vacated as to ECMC.

WHEREFORE, ECMC respectfully requests that the Court issue an order vacating the November 25, 2019 Order as to ECMC, and granting such other and further relief as the Court shall deem just, equitable, and proper.

Dated: Hackensack, New Jersey
       February 4, 2020

_Kenneth L. B_
Kenneth L. Baum

4

Received Date Feb 06 2020

# EXHIBIT A

Received Date:Feb 06 2020

# EXHIBIT A

Received Date:Feb 06 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------
EMMANUEL A. ADIGUN,                          Index No. 260664/2019

                        Plaintiff,           **AFFIRMATION OF**
                                             **KENNETH L. BAUM IN**
        -against-                            **OPPOSITION TO**
                                             **PLAINTIFF'S ORDER TO**
ECMC, INTERNAL REVENUE SERVICE,              **SHOW CAUSE WITH T.R.O.**
SOCIAL SECURITY ADMINISTRATION,
PREMIER CREDIT OF N. AMERICA, NYS            **Return Date: November 13,**
HIGHER EDUCATION SERVICES, and              **2019, at 9:30 a.m.**
WACHOVIA EDUCATIONAL SERVICES,

                        Defendants.
------------------------------------------------------------------

        KENNETH L. BAUM, an attorney admitted to practice before the Courts of the State of

New York, affirms, upon penalty of perjury, as follows:

        1.      I am a member of Law Offices of Kenneth L. Baum LLC, attorneys for defendant

Educational Credit Management Corporation, sued herein as "ECMC" ("ECMC").

        2.      I submit this affirmation upon personal knowledge based on my review of my

firm's file in this matter and my day-to-day handling of this matter.

        3.      This affirmation is submitted in opposition to plaintiff Emmanuel A. Adigun's

("Plaintiff") Order to Show Cause with T.R.O. in Civil Action ("Order to Show Cause").

                                **BACKGROUND**

        4.      ECMC is a guarantor in the Federal Family Education Loan Program ("FFELP")

and also provides specialized guarantor services to the United States Department of Education

("ED") and other FFELP guaranty agencies, including accepting transfer of title to certain

student loan accounts.  ECMC is a not-for-profit corporation duly organized under the laws of

the State of Minnesota.  (*See* Affidavit of Kerry Klisch attached hereto as Exhibit A ("Klisch

Aff.") at ¶ 2.)

Received Date:Feb 06 2020

5.      The statutes and regulations governing FFELP are found at 20 U.S.C. § 1071, *et seq.*, and 34 C.F.R. § 682.100, *et seq.*  (Klisch Aff. at ¶ 3.)

6.      On May 26, 1978, March 13, 1981, and March 28, 1982, Plaintiff signed promissory notes requesting student aid under FFELP (together, the "Notes"). The lender was Knickerbocker Federal Savings & Loan Association (the "Lender"). The student loans made pursuant to the Notes (together, the "Loans") were disbursed on or about May 26, 1978, in the original principal amount of $2,500.00; March 31, 1981, in the original principal amount of $2,500.00; and April 16, 1982, in the original principal amount of $2,000.00. The Loans were guaranteed by New York State Higher Education Services Corp. ("NYSHESC"). (Klisch Aff. at ¶¶ 5-6.)

7.      When Plaintiff failed to honor his repayment obligations under the Notes and the Loans became more than 180 days delinquent, the Loans went into default and a default claim was filed by the Lender, pursuant to the requirements of 34 C.F.R. § 682.102(g). NYSHESC paid the default claim on or about July 28, 1989, and all right, title, and interest in the Loans was transferred by the Lender to NYSHESC. (Klisch Aff. at ¶ 7.)

8.      On or about November 27, 2008, NYSHESC transferred all guarantor responsibilities, as well as all right, title, and interest in and to the Loans, to ECMC. As of November 4, 2019, the total balance owing on the Loans was $22,567.08, which is comprised of an aggregate principal balance of $7,906.85, accrued interest of $10,247.60, and fees and costs of $4,412.63. (Klisch Aff. at ¶¶ 8-9.)

9.      All activity by ECMC was performed in its capacity as a FFELP guarantor and pursuant to its duties thereunder. (Klisch Aff. at ¶ 10.)

2

Received Date Feb 06 2020

### THE LOANS REFERENCED IN PLAINTIFF'S OTSC
### ARE *NOT* THE LOANS HELD BY ECMC

10.     In his Order to Show Cause, Plaintiff appears to claim that he repaid his student loans in full, stating that he "religiously fulfilled [his] financial obligations to the institutions that financially supported [him]." (See Affidavit in support of Plaintiff's Order to Show Cause at ¶ 2.)  To that end, Plaintiff attaches a December 12, 1985 letter to him from Polytechnic Institute of New York, which notes Plaintiff's [fulfillment of his] student loan obligations."  Plaintiff goes on to state that any attempts by ECMC to collect from him are improper and should be enjoined by this Court.  Plaintiff is simply wrong.

11.     The FFELP Loans that Plaintiff obtained from the Lender and the accompanying Notes, which were transferred to NYSHESC in 1989 and thereafter assigned to ECMC in 2008 (Klisch Aff. at ¶¶ 6-8), are *not* the same loans referenced in the Order to Show Cause.  Indeed, the loan documents attached to the Order to Show Cause, including the "Promissory Note and Disclosure (Repayment)," identify Wachovia Services, Inc., as the lender of those loans.  As reflected in the Klisch Aff., however, the lender for Plaintiff's FFELP Loans held by ECMC was Knickerbocker Federal Savings & Loan Association.  Therefore, regardless of whether Plaintiff paid the loans referenced in his Order to Show Cause, as he alleges, any such payments have no impact on his Loans held by ECMC, which remain unpaid.

12.     Moreover, because ECMC, as a guaranty agency under FFELP, is required to attempt an annual offset against eligible borrowers pursuant to 34 C.F.R. § 682.410(b)(6)(v), Plaintiff's claim that any federal tax refunds were improperly offset should be rejected.  Lastly, to the extent Plaintiff contests ECMC's ability to assess collection costs, it should be noted that those costs are mandated by 34 C.F.R. § 682.410(b)(2) and 20 U.S.C. § 1091a.

13.     Accordingly, the Court should deny Plaintiff's Order to Show Cause.

3

Received Date:Feb 06 2020

WHEREFORE, ECMC respectfully requests that the Court issue an order denying

Plaintiff's Order to Show Cause and, and granting such other and further relief as the Court shall

deem just, equitable, and proper.

Dated: Hackensack, New Jersey
November 6, 2019

_Kenneth L. Baum_

Kenneth L. Baum

4

Received Date Feb 06 2020



EXHIBIT A

Received Date Feb 06 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
......................................................................
EMMANUEL A. ADIGUN,                          Index No. 260664/2019

               Plaintiff,                       **AFFIDAVIT OF KERRY
                                           KLISCH**

    -against-

BECMC, INTERNAL REVENUE SERVICE,
SOCIAL SECURITY ADMINISTRATION,
PREMIER CREDIT OF N. AMERICA, NYS
HIGHER EDUCATION SERVICES, and
WACHOVIA EDUCATIONAL SERVICES,

               Defendants.
......................................................................

STATE OF MINNESOTA     )
                       ) ss.:
COUNTY OF HENNEPIN    )

        KERRY KLISCH, being duly sworn, deposes and says as follows:

        1.     I am employed by ECMC Shared Services Company, LLC ("ECMCSSC") as a

Litigation Specialist. ECMCSSC provides legal services to Educational Credit Management

Corporation ("ECMC"). If called to testify, I could competently testify to the facts contained in

this Affidavit.

        2.     ECMC is a guarantor in the Federal Family Education Loan Program ("FFELP")

and also provides specialized guarantor services to the United States Department of Education

("ED") and other FFELP guaranty agencies, including accepting transfer of title to certain

student loan accounts. ECMC is a not-for-profit corporation duly organized under the laws of

the State of Minnesota.

        3.     The statutes and regulations governing FFELP are found at 20 U.S.C. § 1071, *et*

*seq.*, and 34 C.F.R. § 682.100, *et seq.*

Received Date:Feb 06 2020

4.      In the performance of my duties, I have under my direct custody and control the claim file records regarding the account of Emmanuel A. Adigun ("Plaintiff"). I have thoroughly reviewed Plaintiff's account, and am familiar with all documents and records contained therein.

5.      On May 26, 1978, March 13, 1981, and March 28, 1982, Plaintiff signed promissory notes requesting student aid under FFELP (together, the "Notes"). True copies of the Notes are attached hereto collectively as Exhibit A. The lender was Knickerbocker Federal Savings & Loan Association (the "Lender").

6.      The student loans made pursuant to the Notes (together, the "Loans") were disbursed on or about May 26, 1978, in the original principal amount of $2,500.00; March 31, 1981, in the original principal amount of $2,500.00; and April 16, 1982, in the original principal amount of $2,000.00. The Loans were guaranteed by New York State Higher Education Services Corp. ("NYSHESC").

7.      When the Debtor failed to honor his repayment obligations under the Notes and the Loans became more than 180 days delinquent, the Loans went into default and a default claim was filed by the Lender. NYSHESC paid the default claim on or about July 28, 1989 and all right, title, and interest in the Loans was transferred by the Lender to NYSHESC.

8.      On or about November 27, 2008, NYSHESC transferred all guarantor responsibilities, as well as all right, title, and interest in and to the Loans, to ECMC. A true copy of the Assignment letter from NYSHESC to ECMC, as well as the tape manifest, redacted to reflect Plaintiff's loans only, is attached hereto as Exhibit B.

9.      As of November 4, 2019, the total balance owing on the Loans was $22,567.08, which is comprised of an aggregate principal balance of $7,906.85, accrued interest of

Received Date:Feb 06 2020

$10,247.60, and fees and costs of $4,412.63.  A copy of ECMC's loan detail, which is maintained by ECMC in the ordinary course of its business, is attached hereto as **Exhibit C**.

10.     All activity by ECMC was performed in its capacity as a FFELP guarantor and pursuant to its duties thereunder.

Kerry Kälsch

Sworn to before me
this 6th day of November, 2019.

Notary Public

COLLEEN ALICE VANEK
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2023

3

Received Date Feb 06 2020

EXHIBIT A

Received Date:Feb 06 2020

 

**958062**

NYSHESC App. No.        **LOAN(S) GUARANTEED BY NYSHESC**        HE 700 5/75

## INTERIM PROMISSORY NOTE AND DISCLOSURE--(IN SCHOOL)

### Knickerbocker Federal Savings & Loan Association

Lending Institution (called "you", "your")

Amount of Loan $ **2,500.00**          **722 Lexington Ave., N.Y., N.Y. 10022**
                                                    Address

prepaid **FINANCE CHARGE** $**68.80**          **MAY 26 1978**
(insurance premium)                                   Date
Amount Financed $**2,431.20**
(amount of loan less insurance premium)          **ANNUAL PERCENTAGE RATE: 1.03** %

I promise to pay to your order at one of your offices upon maturity of this note .......................................
**Twenty-five Hundred and NO/100** ........... dollars ($**2,500.00**.) plus interest on the amount of loan from this date to and including the business day this note becomes payable.

**I. Interest:**

I agree to pay the interest at the annual percentage rate (above) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf on qualified loans by either the United States or the New York State Higher Education Services Corporation (hereinafter called "the Corporation"). I shall pay to the holder quarterly the interest due on loans which are not eligible for full interest payments on my behalf. Upon maturity or after default, interest will be charged at 8% per annum on disbursements prior to 4/1/69 and at 7% per annum on disbursements after 3/31/69.

**II. Default Charges:**

In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, attorney fees of 20% plus costs and other charges necessary to collect any amount not paid when due.

**III. Maturity:**

The note matures on the date any one of these events occurs: (1) the end of the ninth month following the month in which I cease to be matriculated or become less than a half-time student (6 semester hours in an accredited degree institution, 12 clock hours per week in a vocational institution or 15 hours per week at a school of beauty culture); (2) if I fail to verify my status as a student when requested; (3) if I fail to enroll for the term and in the educational institution for which the application was approved, even though I intend to continue my education at a later date; (4) at the option of the holder or the Corporation if I fail to make required interest payments.

**IV. Further Agreements:**

1) Four months prior to the maturity of this note for reason (1) above and at maturity for reasons (2), (3) and (4) above, I will sign and submit to you an Installment Promissory Note provided by the holder and approved by the Corporation subject to the terms of this note. This document shall set forth the terms of repayment in periodic installments. I understand that minimum total payments of at least $360 per year are required. Unless shortened by the required minimum payment, the period of repayment shall not be less than 3 nor more than 10 years after the initial payment date. In no event shall the period of repayment exceed 15 years from the date of the disbursement of the first loan to me.

2) In the event I fail to make any payment when due hereunder or fail to comply with any of the terms and conditions of this agreement including the document referred to in paragraph IV (1) above, or should I make an assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder hereof may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and other charges as are set forth above shall become immediately due and payable.

3) Installments of principal need not be paid during any period not in excess of three years in which I am (A) a member of the Armed Forces of the United States, (B) a volunteer under the Peace Corps Act or (C) a volunteer under Title I of the Domestic Volunteer Service Act of 1973, and such period shall not be included in determining the period within which repayment must be completed.

4) On loans disbursed after December 15, 1968, the Corporation or the United States shall discharge 100% of my outstanding liability if I die or become permanently and totally disabled (as determined in accordance with regulations). On loans disbursed prior to December 16, 1968, this discharge shall be limited to 80% of my outstanding liability.

5) I agree to honor a request for the consolidation of any past, present and future indebtedness guaranteed by the Corporation up to and including the date of execution of the repayment agreement referred to above in paragraph IV (1).

6) The loan made under this note shall be disbursed jointly to me and the educational institution indicated on my application.

7) The delay in enforcement of any of the provisions under this note shall not constitute a waiver to enforce said provisions in the future.

8) I understand that I am obligated to pay this note even though I may be under eighteen (18) years of age.

9) I understand that this note includes a prepaid finance charge (insurance premium) of 15. per annum for the anticipated term of the note. This insurance premium will be refunded if the loan is paid in full within 60 days of disbursement. No refund is available if payment of the loan is made after that time.

10) The venue of any action brought by the holder of any loan which is in default may be held in Albany County, New York.

11) I agree to pay during the nine months preceding the maturity of this note the interest due on any amounts on this note which had matured on a previous interim promissory note due to my failure to be matriculated as a full time student.

12) If I seek a deferment of principal payments as a result of less than full-time student status, I will execute a separate instrument to be provided by the holder of which shall be subject to the terms of this note.

13) The whole or any part of this loan may be paid before maturity without penalty.

14) The face amount of this note includes disbursements made to me as follows:

| Loans Eligible for Federal or State Interest Payments | | | Loans on which Interest Is to Be Paid by Borrower | | |
|---|---|---|---|---|---|
| Date | Amount | Interest Rate | Date | Amount | Interest Rate |
| MAY 26 1978, 19...... | $ 2,500.00 ..... 7 ....% | | .............., 19...... | $................... | .........% |
| Refinanced ..........19.......... | $ ................... | .........% | Refinanced ..........19.......... | $ ................... | .........% |

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities appearing on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with you and/or the Corporation.

Signature of Student X _____   Address of Student X **3625 Marella Pl. Bronx N.Y. 10461**

Received Date:Feb 06 2020

**ENDORSEMENT**

Pay to NYSHESC Without Recourse and Without Warranty

For: _____
     (Type—Name of Borrower)          (Application No.)

From: _____
     (Name of Lender)

By: _____
     (Authorized Signature)          (Title)

All right, title and interest of the undersigned is hereby assigned to the Student Loan Marketing Association (SLMA) without recourse except as provided in paragraph 9 of the Loan Sale Agreement between SLMA and Knickerbocker Federal Savings and Loan Association dated May 14, 1979.

KNICKERBOCKER FEDERAL SAVINGS AND LOAN ASSOCIATION

BY _____

"Pay to the order of New York State Higher Education Services Corporation without recourse and without warranty."

FIRST WACHOVIA STUDENT
FINANCIAL SERVICES, INC.
P. O. BOX 3161
WINSTON-SALEM, N. C. 27102

By: _____

Asst. Vice-Pres.

Date: _____  5/11/89

Received Date:Feb 06 2020

**000958062 6**
NYSHESC Acct. No.

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION

Original
HE 700 7/78

LOANS GUARANTEED BY NYSHESC
INTERIM PROMISSORY NOTE AND DISCLOSURE(NON SCHOOL)

## KNICKERBOCKER FEDERAL SAVINGS AND LOAN ASSOCIATION
Lending Institution

**722 Lexington Avenue, New York, NY   10022**          MAR 31 1981

Address                                                                 Effective Date of this Note

| | |
|---|---|
| A." Original Amount of Loan | $ 2,500.00 |
| B. Prepaid FINANCE CHARGE (insurance premium) | $ 9.30 |
| C. Amount Financed (principal amount of loan less insurance premium) | $ 2,490.70 |
| D. ANNUAL PERCENTAGE RATE (a) Prior to beginning of repayment period | 50 % |
| (b) During repayment period | 7 % |

The prepaid finance charge is computed from the first day of the month following the disbursement of the loan to the last day of the ninth month after the anticipated graduation or completion date.

I promise to pay to the lending institution at one of its offices the principal sum of (line A) **TWO THOUSAND FIVE HUNDRED**

dollars (**$ 2,500.**) plus interest on such amount at the ANNUAL PERCENTAGE RATE shown above (line D).

I. Interest:

I agree to pay the interest at the ANNUAL PERCENTAGE RATE (line D) with the understanding that you will not attempt to collect from me any portion of the interest payable on my behalf by either the United States or the New York State Higher Education Services Corporation (hereinafter called "NYSHESC"). I will receive interest benefits if I meet the requirements of State and Federal law and regulations in effect at the time my loan is approved. I will pay to NYSHESC quarterly, interest due on loans which are not eligible for full interest benefits payable on my behalf by either the United States or NYSHESC. Interest will be charged at 7% per year during the repayment period or after the loan has been purchased by NYSHESC as a defaulted loan.

II. Late Charges and Default Charges:

In addition to interest, I agree to pay late charges of five (5) percent of the amount of any required payment or $5.00, whichever is less, for failure to make any payment within ten (10) days after its due date. I agree to pay, in the event of default, reasonable attorney fees of up to 20% plus costs and other charges necessary to collect any amount not paid when due.

III. Beginning of Repayment Period (Maturity):

I will begin to repay this loan on the date any one of these events occur:
(1) the end of the ninth month following the month in which I cease to be matriculated, withdraw from, or become less than a half-time student at an approved school (9 semester hours in an accredited degree institution, 12 clock hours per week in a vocational institution or 15 hours per week at a school of nursing) unless I must begin payment at this time even if I have a leave of absence (nine month grace period) (See Section IV-1) (2) at the option of the lending institution (or the holder if the loan is transferred or NYSHESC) if I fail to verify my status as a student when requested; (3) if I do not enroll for the term and for the educational institution for which the application was approved, even though I intend to continue my education at a later date; (4) at the option of the lending institution (or the holder if the loan is transferred) or NYSHESC if I fail to make required interest payments.

IV. Further Agreements:

(1) No less than four months after I cease being matriculated or at least a half-time student I will contact the lending institution to sign a Repayment Promissory Note. I will also sign a Repayment Promissory Note if the loan matures for any other reason. The Repayment Promissory Note will show the amounts of the payments and the number of payments I must make to pay off the loan(s). I understand that I must pay at least $360 per year unless the lending institution and I agree to smaller payments. If my husband or wife also has a guaranteed student loan, the total of both our payments shall be at least $360 per year. Repayment shall be made over a period of not more than ten years. I have at least five years to repay this loan except if the loan would be paid in less than five years by making the minimum annual payments as required by Federal Law or if I request a shorter repayment period. If I have requested and received a repayment schedule of less than five years, I may contact the lending institution to have the schedule changed so that the loan will be paid in five years or more. I may also request a repayment schedule that begins before the end of the nine month grace period. All loans outstanding may be included in a request for early repayment, and interest benefits will no longer be paid as of the beginning of the repayment period established by my request. The loan must be paid within fifteen years from the date of disbursement of my first loan unless I receive a deferment on my loan. (see Section IV-2).

(2) After the repayment period has begun, installments of principal need not be paid during any of the following periods (i) while I am a full-time matriculated student attending an approved school or if I am studying under a graduate fellowship program approved by the U.S. Commissioner of Education (ii) for up to three years while I am in the Armed Forces of the United States (iii) for up to three years while I am a volunteer under the Peace Corps Act or a full time volunteer under Title I of the Domestic Volunteer Service Act of 1973 or (iv) for a single period of up to twelve months during which I am seeking and unable to find full-time employment. In order to receive any of these deferments or any other deferral of loan payments I must contact the lending institution (or the holder if the loan is transferred) to arrange such a deferment and to sign the appropriate agreements.

(3) If I fail to make any payment when due under this Note or if I fail to comply with any of the terms and conditions of this Note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of this loan or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus interest and other charges or default charges (Section II) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

(4) If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the United States will pay off the remaining balance of my loan.

(5) I agree to honor a request for the consolidation of all loans guaranteed by NYSHESC.

(6) I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.

(7) The delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any condition(s) of this note shall not release the borrower from that condition(s) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.

(8) I understand that I must repay this loan even though I may be under eighteen (18) years of age.

(9) I understand that this note includes a prepaid finance charge (insurance premium) in the amount indicated above for the anticipated term of the note. The insurance is a fee paid to NYSHESC and is used for the expenses of the loan program. I is not a premium for the insurance. The insurance premium will be prorated and refunded if at least one hundred dollars of the loan is repaid within 120 days of disbursement.

(10) If I go into default on this loan I agree to be sued in Albany County, New York.

(11) I may pay any unpaid balance on this loan in whole or in part at any time without penalty.

I acknowledge receipt, prior to the signing of this note, of a copy of this note containing the disclosure statement. I have read, acknowledge receipt of and understand the Statement of Responsibilities described on the reverse side of the borrower's copy of this note which, together with this note, constitutes my entire agreement with the lending institution (and the holder if the loan is transferred) and/or NYSHESC.

| | |
|---|---|
| Signature of Borrower | Date 4/1/81 |
| Type or Printed Name of Borrower   **Emmanuel A. Adeoin** | |
| Permanent Address of Borrower   **3605 Marolla Pl. , Bronx, NY   10466** | |

Received Date Feb 06 2020

New York State Higher Education Services Corporation
Guaranteed Student Loan Program
**YOUR STATEMENT OF RESPONSIBILITIES**

A student loan is a serious obligation. Prior to undertaking such a commitment, you should discuss with your school financial aid officer all other student financial assistance available to you, particularly aid from grants such as the Basic Educational Opportunity Grant, Supplemental Education Opportunity Grant, Tuition Assistance Program awards, Regents Scholarships, and other programs available from your school.

If you decide you need a loan, it is very important that you, the borrower, understand your rights and honor the following responsibilities in order to build your credit reputation and give other students a chance for future loans from funds repaid.

1. I have read and understand all of the agreements on the front of this note.

2. I understand that I must report to the lending institution (or the holder if the loan is transferred) or to NYSHESC any of the following in writing, without exception:

a. if I fail to enroll, leave school for any reason or cease to be matriculated;

b. if I, as a degree student take less than six hours of credit per semester or if I, as a vocational student take less than 12 clock hours of instruction per week or 16 clock hours of instruction per week at a school of beauty culture;

c. if I do not attend the school I have designated on my application or if I transfer to another school;

d. if my name should change (for example, because of marriage);

e. if I change my address.

ANY INTEREST THAT MAY ACCRUE DUE TO MY FAILURE TO REPORT ANY OF THE ABOVE IS SOLELY MY RE-SPONSIBILITY AND MUST BE PAID PRIOR TO INDUCING THE _____ OR DEFERMENT AGREEMENT.

3. I understand that my guaranteed loan _____ the reasonable educational costs listed on my application which have been approved by my school _____ I may be prosecuted under the provisions of the United States criminal code if I use these funds _____.

4. I understand that if I fail to _____ my loan of _____ NYSHESC's regulations. I face possible late charges and default charges (Section II of the note) _____ which and a bad credit rating.

5. I understand that my lender or the holder _____ NYSHESC may contact my school at any time and obtain information concerning my scholastic status, my _____ of my current address or any other information relating to my guaranteed student loan.

6. I understand that the school contract I execute is strictly _____ school and in no way involves NYSHESC or my lender.

7. I agree to observe and comply with all changes in law, _____ regulations and procedures as promulgated from time to time under the guaranteed student loan program.

**Additional Information _____ Payments Are to be Made**

1. If you do not qualify for full Federal _____ benefits while you are in school or in your grace period you must pay this interest directly to NYSHESC. NYSHESC will send you a bill every three months for the interest that is due. If you fail to make these interest payments, your entire loan may go into default.

2. After you leave school you must agree to a repayment schedule with your lender. This must be done before the end of the nine month grace period (See Section IV-1). I only have one complete nine month grace period on this loan. The following table should give an idea of what the monthly payments will be and how long you will have to make payments on your loan.

| Amount of Credit | Minimum Monthly Payment | Total of Payments | Finance Charge (Annual Percentage Rate %) | Maximum No. of Mo. (Yrs.) |
|---|---|---|---|---|
| $ 1,000 | $ 30.88 | $ 1,111.68 | $ 111.68 | 36( 3) |
| $ 2,000 | $ 39.60 | $ 2,376.00 | $ 376.00 | 60 (5) |
| $ 3,000 | $ 48.26 | $ 3,603.52 | $ 603.52 | 84 |
| $ 4,000 | $ 60.03 | $ 5,403.24 | $1,403.24 | |
| $ 5,000 | $ 69.68 | $ 6,969.20 | $2,359.20 | |
| $ 7,000 | $ 81.28 | $ 9,753.80 | $2,753.80 | |
| $ 8,000 | $104.50 | $12,540.00 | $3,540.00 | |
| $10,000 | $116.11 | $13,933.20 | $3,933.20 | |
| $15,000 | $174.16 | $20,899.20 | $5,899.20 | |

3. If you agree to a repayment schedule and you later find that you are unable to make the payments because of unusual circumstances, you should contact your lender immediately. It may be possible to change your repayment _____ so that it will be easier to make payments. If you are unemployed it may be possible to stop making payments _____ a year. The important thing to do is to talk to your lender and describe your situation. If your loan is purchased by _____ defaulted loan, you will lose your rights for deferments of your loan and any rights to have interest paid _____ the Federal Government during certain deferment periods.

4. No part of this loan can be forgiven because of teaching or military service.

5. If you receive a deferment of your loan for any of the reasons listed in Item IV-2 on the front of this _____ eligible to have the interest paid on your loan during that time. In most cases if NYSHESC or the Federal _____ the interest on your loan while you were in school, the same amount will be paid if you receive a deferment _____ of the U.S. Public Health Service do not qualify for a deferment.

**ENDORSEMENT**

Pay to NYSHESC Without Recourse and Without Warranty

For: _____
     (Type—Name of Borrower)   (Application No.)

From: _____
     (Name of Lender)

By: _____
     (Authorized Signature)   (Title)

Received Date:Feb 06 2020

O-81-05-18-0058 

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
## GUARANTEED STUDENT LOAN

**Promissory Note**

Amount of loan: $2,000.00

000958062
NYSHESC ACCT. #

| | |
|---|---|
| EMMANUEL A. ADIGUN | KNICKERBOCKER FEDERAL SAVINGS & LOAN ASSN. |
| Name of Borrower | Name of Lender |
| 3605 Narolla Place | 722 Lexington Avenue |
| Address of Borrower | Address of Lender |
| Bronx, NY 10466 | New York, NY 10022 |
| City          State          Zip Code | City          State          Zip Code |

**Amount Financed** $ 1,993.30
(a) (the amount of credit provided to you) (see itemization below)

**FINANCE CHARGE** $ 6.70
(the dollar amount which is deducted from the amount borrowed)
(Guaranty Insurance Premium)

**ANNUAL PERCENTAGE RATE**
(the cost of your credit as a yearly rate)

(b) Until the estimated end of the Grace Period, calculated using the Anticipated Date of Program Completion (includes Insurance Premium) .50 %

(c) After the beginning of the repayment period 7 %

**Prepayment:** The unpaid balance of this loan may be prepaid in whole or in part at any time without penalty. If at least $100.00 of this loan is repaid within 120 days of disbursement, a prorated share of the FINANCE CHARGE will be refunded or credited to the borrower.
**Late Charge:** If, after the repayment period has begun, the borrower fails to make a monthly payment within 10 days of its due date, the lender may assess a late charge not to exceed 5% of the late payment, or $5.00, whichever is less.
**Contract Reference:** Refer to the rest of this document for information about non-payment, default, default charges, the right to accelerate maturity of your debt, the method by which any rebate of unearned interest will be computed, deferments and forbearance.

| | Amount | Estimated Date of Disbursement |
|---|---|---|
| 1st of entire disbursement | 1,993.30 | April 1, 1982 |
| 2nd disbursement | | |
| Total | | |

The Grace Period on this loan is _____9_____ months.

In the event of prepayment, the method of calculating any rebate of unearned interest is _____

| Itemization of Amount Financed (the amount shown at(a) 1,993.30 | | If you are not eligible for a full State or Federal interest subsidy during the In-School period of this loan, then such interest must be paid as follows: |
|---|---|---|
| Amount paid on your account | 0 | ☐ monthly |
| Amount given to you directly | 1,993.30 | ☒ quarterly |
| Prepaid Finance Charge (Insurance Premium) | 6.70 | ☐ by means of capitalization when I enter repayment |

Received Date Feb 06 2020



I. **PROMISE TO PAY** — I, the borrower, promise to pay to the lender or to a subsequent holder of this Promissory Note, the Amount Financed plus an amount equivalent to simple interest on the unpaid principal balance at the Annual Percentage Rate according to the Payment Schedule, as these terms are stated above.

II. **MATURITY** (when this note becomes due and payable)
This note matures, and I must either pay it in full or commence monthly payments in accordance with paragraph III below, upon the happening of any of the following events:
1) the last day of the last month of the grace period (the grace period begins when I leave school or cease to be enrolled on at least a half-time basis);
2) immediately, if I fail to enroll in the school, for the academic period for which the loan was made, (even if I intend to continue my education at a later date in the same school, or in a different school;
3) at the option of the lender, or the holder of this note, or NYSHESC, if I fail to verify my status as a student when requested;
4) immediately, if the loan was made or guaranteed in error or in reliance upon a false statement.

III. **REPAYMENT**
When any loan matures in accordance with paragraph II of this Promissory Note, I agree to immediately provide written notification to the New York State Higher Education Services Corporation, Albany, New York, 12255, of such fact. I understand that I am responsible for any legal interest which accrues on or after the date of maturity of this note, whether a demand for payment has been made or not. THIS IS NOT A DEMAND INSTRUMENT, AND MY OBLIGATION TO BEGIN TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON, INCLUDING ERRONEOUS CORPORATION ERROR, EXCEPT UPON CONSENT OF THE CORPORATION. I understand that at or prior to maturity, the lender will forward to me a statement, setting forth the total amount of all my Guaranteed Student Loans, the ANNUAL PERCENTAGE RATE, the FINANCE CHARGE, the total of payments and the scheduled amount of each monthly payment. If I elect to make my loan, I must repay it within 15 years of the date of the final disbursement, over a repayment period that lasts at least 5 years, but no more than 10 years from the date of maturity. However, the following exceptions to this rule also apply:

A. If, during the grace period, I have agreed with the lender to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.

B. The lender may require a repayment period shorter than 5 years, if necessary, to ensure that during each year of the repayment period I —or, if both my spouse and I have Guaranteed Student Loans, we—pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—loans.

C. Any period described under DEFERMENT or FORBEARANCE in this Promissory Note will not be included in determining either the 15-year period or the 5-or 10-year period mentioned above.

IV. **DEFERMENT and FORBEARANCE**
1) **DEFERMENT** — After the repayment period has begun, installments of principal need not be paid during any of the periods listed below, and interest will not accrue on my loan(s). I may not be required to pay interest during these periods as well. A deferment period depends upon my contacting the bank to arrange for it, and submission of applications:
   i) during any period which I am pursuing a full-time course of study at an approved school, or when I am studying full time under an approved program approved by the U.S. Secretary of Education, or when I am studying full time pursuant to a rehabilitation training program approved by the Secretary of Education.
   ii) During any period, not exceeding three years, in which I am a member of the Armed Forces of the United States, or the Commissioned Corps of the Public Health Service;
   iii) During any period, not exceeding three years, in which I am in service as a volunteer under the Peace Corps Act, or the Domestic Volunteer Service Act of 1973;
   iv) During any period, not exceeding three years, in which I am in service, comparable to the service referred to in clause (iii), as a full-time volunteer and exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954;
   v) During any period not exceeding two years in which I am serving an internship which is necessary in order to gain professional practice;
   vi) During any period, not exceeding three years, during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled;
   vii) During a single period not exceeding twelve months in which I am seeking but unable to find full-time employment.

2) **FORBEARANCE** (hardship case)—After the repayment period has begun, if poor health or other personal problems affect my ability to make scheduled payments, I may be eligible for FORBEARANCE at the discretion of the lender on the repayment of principal. FORBEARANCE neither defers nor forgives the payment of interest.

V. **DEFAULT** — If I fail to make any payment of principal or interest when due under this Note, or should I make any other default of conditions, or if any bankruptcy proceedings be commenced by or against me, then the holder of this note or NYSHESC may accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus either late charges or default charges (Section VI) shall become immediately due and payable. In the event the maturity of all payments are commenced by a negotiation, I specifically agree to notify NYSHESC of such occurrence in writing within 20 days of a petition.

VI. **DEFAULT and LATE CHARGES** — I agree to pay, in the event of default, reasonable attorney's fees of up to 20 percent of the amount due, plus costs and other charges necessary to collect any amount not paid when due.

VII. **FURTHER AGREEMENTS AND UNDERSTANDINGS**
1. If I die or become permanently and totally disabled (as determined in accordance with regulations) NYSHESC or the lending institution will pay off the remaining balance of my loan.
2. I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school designated on my application.
3. Delay on the lender's part or the holder if the loan is transferred) or NYSHESC to enforce any conditions of the loan will not constitute a waiver to bar the borrower from these conditions) nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from requiring any or all of these conditions in the future.
4. I understand that I must repay this loan even though I may be under eighteen (18) years of age.
5. If I go into default on this loan, I agree to be sued in Albany County, New York, or elsewhere as provided by law.
6. If the school which I am attending closes during the academic period for which I received this loan, I may cancel all or part of this loan.
7. I agree to comply with any and all changes in the statutes or regulations governing the Guaranteed Student Loan Program to the extent such changes are applicable to me.

I acknowledge receipt, prior to signing this note, of a copy hereof containing the disclosure statement required by law, and of a copy of the borrower's Statement of Rights and Responsibilities.

3 - 28 - 82

Date

Received Date Feb 06 2020

# EXHIBIT B

Received Date Feb 06 2020



**HESC**
**We Help People Pay For College**

November 27, 2008

Ms Sue Rehak
Educational Credit Management Corporation
1 Imation Place
Building 2
Oakdale, MN 55128

Dear Sue

Attached please find the manifest for the judgment run transferred to ECMC dated 11/18/08  The New York State Higher Education Services Corporation hereby assigns to The Educational Credit Management Corporation its rights, title and interest in those student loans that are included in this manifest

Should you have any questions regarding these accounts, please call me at (518) 402-1413 or e-mail me at amurray@hesc.com

Sincerely,

Ann Murray
Assistant Director, Collections Support and Reporting
Assignment Unit
NYS Higher Education Services Corp
99 Washington Ave  Room 1430
Albany, NY 12255

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
99 Washington Avenue, Albany, NY 12255 - www.hesc.org



Received Date Feb 06 2020



EXHIBIT C

Received Date Feb 06 2020

Received Date:Feb 06 2020

⋅ rson Id 7119O3    SSN XXX-XX-5574    Borrower EMMANUEL A. ADIGUN
ite of Birth xx/xx/1947     Date Printed 10/01/2019



#### ojected Balance as of 09/30/2019

| LN | Principal Balance | Interest Balance | Fees and Costs Balance | Total Balance | Interest Rate | Interest Rate Type | Per Diem |
|----|-------------------|------------------|------------------------|---------------|---------------|--------------------|----------|
| 01 | $2,823.87 | $3,774.63 | $1,605.08 | $8,203.56 | 9.0% | Fixed | $0.70 |
| 02 | $2,823.51 | $3,574.57 | $1,556.30 | $7,954.48 | 9.0% | Fixed | $0.70 |
| 03 | $2,269.17 | $2,859.89 | $1,245.17 | $6,364.23 | 9.0% | Fixed | $0.56 |
|    | $7,905.85 | $10,209.59 | $4,406.53 | $22,622.27 |  |  | $1.95 |

#### an Details

| LN | Loan Type | Total Disb Amt | Disb Dt | Claim Type | Claim Paid Date | Transfer Date |
|----|-----------|----------------|---------|-----------|-----------------|---------------|
| 01 | Stafford_Sub | $2,500.00 | 05/26/1978 | Default | 07/28/1989 | 11/19/2008 |
| 02 | Stafford_Sub | $2,500.00 | 03/31/1981 | Default | 07/28/1989 | 11/19/2008 |
| 03 | Stafford_Sub | $2,000.00 | 04/16/1982 | Default | 07/28/1989 | 11/19/2008 |
|    |  | $7,000.00 |  |  |  |  |

#### an Histories

| LN | Transferring Agency | Current Lender | Current Servicer | Original Guarantor | Original Lender | Original School |
|----|---------------------|----------------|------------------|--------------------|-----------------|------------------|
| 01 | NEW YORK STATE HIGHER EDUCATION SERVICES | SALLIE MAE/EDUSERV TECHN | N/A | NEW YORK STATE HIGHER EDUCATION SERVICES | FIRST FEDERAL SAVINGS AN | POLYTECHNIC UNIVERSITY |
| 02 | NEW YORK STATE HIGHER EDUCATION SERVICES | SALLIE MAE/EDUSERV TECHN | N/A | NEW YORK STATE HIGHER EDUCATION SERVICES | FIRST FEDERAL SAVINGS AN | POLYTECHNIC UNIVERSITY |
| 03 | NEW YORK STATE HIGHER EDUCATION SERVICES | SALLIE MAE/EDUSERV TECHN | N/A | NEW YORK STATE HIGHER EDUCATION SERVICES | FIRST FEDERAL SAVINGS AN | POLYTECHNIC UNIVERSITY |

Received Date Feb 06 2020

# EXHIBIT B

Received Date:Feb 06 2020

# EXHIBIT B

Received Date:Feb 06 2020

Ecouc/ adejan

11/6/19

s/w Suy Clopez in Justice Frances Chalci:
→ said 11/13 luy date is for submission of
papers only, no actual hearing that day
→ OK to serve π w/ OSC. If new, then
submit to c1. (w/ working cfy) on 11/13

Received Date Feb 06 2020

# EXHIBIT C

Received Date:Feb 06 2020

# EXHIBIT C

Received Date Feb 06 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, PART 26

--------------------------------------------------------------x

ADIGUN, EMMANUEL                                    Index No. 260664/2019

-against-                            Hon. RUBÉN FRANCO,

EDUCATION CREDIT MANAGEMENT CORP (ECMC), et al.      Justice Supreme Court

--------------------------------------------------------------x

The following papers numbered 1 to ___ read on this motion, (Seq. No. 001) for MISCELLANEOUS noticed on November 13, 2019.

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |

Plaintiff's application, as applicable to Education Credit Management Corp (ECMC), to stay all collection actions in connection with the September 15, 1982 student loan made by Wachovia Services, Inc., is granted on default due to ECMC's failure to appear at the conference held on November 13, 2019 (22 NYCRR 202.27).  With respect to the other named defendants, except Premiere Credit of North America, LLC, plaintiff's application is denied, as the court is not satisfied that they were properly served.

The action against Premiere Credit of North America, LLC, which appeared on November 13, 2019, is severed and shall continue.  The assessment of any damages against ECMC shall occur at the time of trial.

Plaintiff shall serve a copy of this Order with Notice of Entry upon defendants within 20 days of the date of entry of this Order.

This constitutes the Decision and Order of the court.

Dated: November 25, 2019        Hon. _____
                                        RUBÉN FRANCO, J.S.C.
                                        [HON. RUBEN FRANCO]

Respectfully Referred to: _____
Dated: _____

1. CHECK ONE.......................... ☐ CASE DISPOSED IN ITS ENTIRETY   ☐ CASE STILL ACTIVE
2. MOTION IS............................ ☐ GRANTED  ☐ DENIED   ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE....... ☐ SETTLE ORDER   ☐ SUBMIT ORDER   ☐ SCHEDULE APPEARANCE
                                 ☐ FIDUCIARY APPOINTMENT   ☐ REFEREE APPOINTMENT

Received Date:Feb 06 2020

> **PLEASE NOTE:** You must attach a copy of the order or judgment to this Notice of Entry and serve a copy on all opposing parties.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**

---------------------------------------------------------------X

_____Emmanuel A. Adigun_____
               Plaintiff(s)/Petitioner(s),

     - vs –

Education Credit Management Corp.(ECMC)
             Defendant(s)/Respondent(s).

---------------------------------------------------------------X

**NOTICE OF ENTRY**

Index No.: ___260664/2019___

PLEASE TAKE NOTICE that the attached is a true copy of an ☒ order ☐ judgment in this matter that was entered in the office of the Clerk of the Supreme Court, ___Bronx___ County, on the 25th day of ___Nov.___ , 2019 .

Dated: ___Jan. 2nd___ , 2020

Yours, etc.

Signature

Print name and address
    Emmanuel A. Adigun
    3605 Marolla Place
    Bronx, NY 10466

TO: Education Credit Management Corp.
    Attorney Kenneth L. Baum
    99 Church Street,4th Floor
    White Plains NY 10601

Received Date Feb 06 2020

[Print to fill in the spaces next to the instructions]

## Affidavit of Service After Commencement of Litigation

_____ Emmanuel A.ADIGYN against Education Credit Mgm. Corp   Index No. _____ 260664 / 2019

STATE OF NEW YORK, COUNTY OF _____ Bronx _____ ss:

I, _____ Marlene Barrett _____, [name of person who served papers], being duly sworn, depose and say: I am over 18 years of age and am not a party to this case. I reside at [your address] _____ 1586 St. Marks Ave. Bklyn. NY _____.

On _____ Jan.2nd _____, 20 20 [date of service], at _____ 1:30X AM/PM, [time of day], I served a true copy of the following papers: [identify papers served] _____ Order with Notice of Entry _____, in the following manner. [check box that applies]

☐ **Personal Service**   By personally delivering the papers to _____ [identify person served] at _____ [address].

The individual I served had the following characteristics [check the right boxes]

| Sex | Height | Weight | Age |
|---|---|---|---|
| ☐ Male | ☐ Under 5" | ☐ Under 100 lbs. | ☐ 21-34 years |
| ☐ Female | ☐ 5'0"-5'3" | ☐ 100-130 lbs. | ☐ 35-50 years |
| | ☐ 5'4"-5'8" | ☐ 131-160 lbs. | ☐ 36-50 years |
| | ☐ 5'9"-6'0" | ☐ 161-200 lbs. | ☐ 51-65 years |
| | ☐ Over 6' | ☐ Over 200 lbs. | ☐ Over 65 yrs. |

[describe]: Skin color_____   Hair color_____

Other identifying features, if any [describe]:_____

☒ **Mail**   By mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the United States, addressed to the last-known address of the addressee(s) indicated below:

☐ **Overnight Delivery Service**   By depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The delivery service used was _____ United States Postal Service _____. [name of delivery service used]

[Name(s) and address(es) of person(s) served]

Law office of Kenneth L. Baum    _____
Kenneth L. Baum    _____
99 church Street, 4th Floor    _____
White Plains NY,

Sworn to before me this
_6_ day of _January_, 20 20

_____
Notary Public

JOSEPH E. MASON
Notary Public, State of New York
No. 01MA6066394
Qualified in Bronx County
Commission Expires Nov. 13, 2021

[Sign name before a Notary]

_____ Marlene Barrett _____
[Print your name]

Received Date Feb 06 2020

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

SUPREME      COURT, COUNTY OF BRONX

Index No. 260664/2019      Date Index Issued: 09/11/2019

For Court Use Only:
RJI Date:
Judge Assigned:
RJI Filed Date:

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption page/rider sheet.

EMMANUEL A. ADIGUN,

Plaintiff(s)/Petitioner(s)

-against-

ECMC, INTERNAL REVENUE SERVICE, SOCIAL SECURITY ADMINISTRATION, PREMIER CREDIT OF N. AMERICA, NYS HIGHER EDUCATION SERVICES, and WACHOVIA EDUCATIONAL SERVICES,

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check ONE box only and specify where indicated.

**COMMERCIAL**
- O  Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- O  Contract
- O  Insurance (where insurance company is a party, except arbitration)
- O  UCC (includes sales and negotiable instruments)
- O  Other Commercial (specify): _____
NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).

**REAL PROPERTY:** How many properties does the application include? _____
- O  Condemnation
- O  Mortgage Foreclosure (specify):   O Residential   O Commercial
    Property Address: _____
    NOTE: For Mortgage Foreclosure actions involving a one-to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).
- O  Tax Certiorari
- O  Tax Foreclosure
- O  Other Real Property (specify): _____

**OTHER MATTERS**
- O  Certificate of Incorporation/Dissolution    [see NOTE in COMMERCIAL section]
- O  Emergency Medical Treatment
- O  Habeas Corpus
- O  Local Court Appeal
- O  Mechanic's Lien
- O  Name Change
- O  Pistol Permit Revocation Hearing
- O  Sale or Finance of Religious/Not-for-Profit Property
- O  Other (specify): Determination of liability under student loans

**MATRIMONIAL**
- O  Contested
    NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).
    For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).

**TORTS**
- O  Asbestos
- O  Child Victims Act
- O  Environmental (specify): _____
- O  Medical, Dental or Podiatric Malpractice
- O  Motor Vehicle
- O  Products Liability (specify): _____
- O  Other Negligence (specify): _____
- O  Other Professional Malpractice (specify): _____
- O  Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- O  CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- O  CPLR Article 78 (Body or Officer)
- O  Election Law
- O  Extreme Risk Protection Order
- O  MHL Article 9.60 (Kendra's Law)
- O  MHL Article 10 (Sex Offender Confinement-Initial)
- O  MHL Article 10 (Sex Offender Confinement-Review)
- O  MHL Article 81 (Guardianship)
- O  Other Mental Hygiene (specify): _____
- O  Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | O | ● | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | O | ● | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | O | ● | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:** Check ONE box only and enter additional information where indicated.

- O  Infant's Compromise
- O  Extreme Risk Protection Order Application
- O  Note of Issue/Certificate of Readiness
- O  Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ●  Notice of Motion    Relief Requested: Vacate entry of order on default    Return Date: 02/24/2020
- O  Notice of Petition    Relief Requested: _____    Return Date: _____
- O  Order to Show Cause    Relief Requested: _____    Return Date: _____
- O  Other Ex Parte Application    Relief Requested: _____
- O  Poor Person Application
- O  Request for Preliminary Conference
- O  Residential Mortgage Foreclosure Settlement Conference
- O  Writ of Habeas Corpus
- O  Other (specify): _____

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-----------------------------------------------------------------

EMMANUEL A. ADIGUN,                              Index No. 260664/2019

           Plaintiff,                              **AFFIDAVIT OF SERVICE**

   -against-

ECMC, INTERNAL REVENUE SERVICE,
SOCIAL SECURITY ADMINISTRATION,
PREMIER CREDIT OF N. AMERICA, NYS
HIGHER EDUCATION SERVICES, and
WACHOVIA EDUCATIONAL SERVICES,

          Defendants.
-----------------------------------------------------------------

STATE OF NEW JERSEY  )
                )ss.:
COUNTY OF BERGEN    )

     KENNETH L. BAUM, ESQ., being duly sworn, deposes and says:

     On February 4, 2020, I caused the *Notice of Motion to Vacate Order Granting Plaintiff's*

*Order to Show Cause with T.R.O. Entered on Default Against Educational Credit Management*

*Corporation Pursuant to CPLR § 5015(a)(1)* and the supporting *Affirmation of Kenneth L. Baum*

*in Support of Motion to Vacate Order Granting Plaintiff's Order to Show Cause with T.R.O.*

*Entered on Default Against Educational Credit Management Corporation Pursuant to CPLR §*

*5015(a)(1)* to be served via overnight mail upon the following:

        EMMANUEL A. ADIGUN
        Plaintiff *Pro Se*
        3605 Marolla Place
        Bronx, NY 10466

Received Date Feb 06 2020

U.S. DEPARTMENT OF THE
TREASURY
Defendant
Bureau of the Fiscal Service
P.O. Box 1686
Birmingham, AL 35201-1686

PREMIER CREDIT OF NORTH
AMERICA
Defendant
P.O. Box 19309
Indianapolis, IN 46219

by mailing true copies of same in a sealed envelope, with postage prepaid thereon, addressed to

the last-known address of each addressee.

Kenneth L. Baum

Sworn to before me the
4th day of February, 2020

Notary Public



Received Date:Feb 06 2020

**RELATED CASES:** (If any related actions for Matrimonial cases) List any related criminal or family court cases. If none, leave blank.
(If additional space is required, complete and attach an ADDENDUM (UCS-840A).)

| CASE TITLE | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check "Un-Rep" box and enter the party address, phone number and email in the space provided.
(If additional space is required, complete and attach an ADDENDUM (UCS-840A).)

| Un-Rep | Parties | Attorneys and Unrepresented Litigants | Issue Joined | | Insurance Carriers |
|---|---|---|---|---|---|
| ☑ | Name: Emmanuel A. Adigun  Role(s): Plaintiff | 3805 Magnolia Pl., Bronx, NY 10466, (718) 798-6041, remexwal@optonline.net | ○ YES | ● NO | |
| ☑ | Name: Educational Credit Management Corporation  Role(s): Defendant | Kenneth L. Baum, Esq., Law Offices of Kenneth L. Baum LLC, 167 Main Street, Hackensack, NJ 07601, (201) 853-3030, kbaum@kenbaumdebtsolutions.com | ● YES | ○ NO | |
| ☑ | Name: Internal Revenue Service  Role(s): Defendant | Unknown | ○ YES | ● NO | |
| ☑ | Name: Social Security Administration  Role(s): Defendant | Unknown | ○ YES | ● NO | |
| ☑ | Name: Premier Credit of N. America  Role(s): Defendant | P.O. Box 19309, Indianapolis, IN 45219 | ● YES | ● NO | |
| ☑ | Name: NYS Higher Education Services  Role(s): Appellant | Unknown | ○ YES | ● NO | |
| ☑ | Name: Wachovia Educational Services  Role(s): Defendant | Unknown | ○ YES | ● NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES | ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 02/04/2020

_Kenneth L. Baum_
Signature

25264D8
Attorney Registration Number

Kenneth L. Baum, Esq.
Print Name