UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 20-cv-03676-AT-SN

EMMANUEL A. ADIGUN.
Plaintiff.

Plaintiff's response to DOJ's edited
Presentation to this Court dated
May 12th, 2020.

v.

ECMC, PREMIER CREDIT OF NORTH

AMERICA, AND OTHERS.

Defendants.


RECEIVED
AUG 1 1 2020
PRO SE OFFICE

1). That, I am Emmanuel A. Adigun, the plaintiff in this removed case to the United States District Court, Southern District of New York.

2). That, the case presented to this Court by DOJ was at best, abbreviated, edited, and unrepresentative of the case adjudicated by Justice Ruben Franco of NYS Supreme Court in the Bronx.

3). Whereas, DOJ presented the entire ECMC's "Notice of motion to vacate plaintiff's T.R.O." on May 12th, 2020, plaintiff's response to this "Notice" to NYS Supreme Court was completely omitted, and the following items were conveniently left out to this Court:

    a). Plaintiff's payment coupons 1through 4, page # EA -3. That's four years of loan payments. See attached Vol. #1, pages EA-3(a) and EA-3(b).

    b). Premier Credit of North America letter of March 7th 2013 (Exhibit J). See attached Volume #1, exhibit-J.

    c). Plaintiff's response to PCNA motion for dismissal with letters of claims, volume # 3, Exhibit-D, Exhibit-E, and Exhibit- L.

    d). Also see attached Volumes 2, and 4, that plaintiff wishes to present to this Court as part of plaintiff's responses to motions submitted by the defense ECMC and PCNA to NYS Supreme Court in the Bronx.

on padded loans I secured from Knickerbocker Federal Savings and fully discharged in September 23rd 1988. (See attached payment coupon in Volume #1, pages EA-3a & EA-3(b). Full claim orders with fees, and costs will be furnished to this Court for consideration, while assessment of damages will be left to the discretion of the Court.

9). It will be a complete departure from the doctrine of precedent ( stare decisis) if ECMC and PCNA are granted qualified immunity. See U.S.Supreme Court, Richardson v. McKnight, 521 U.S. 399 (1997). According to the Supreme Court, "mere performance of a government function does not support immunity for a private person or corporation, especially when performing a job without government supervision or direction". ECMC and PCNA were admittedly, corporations collecting defaulted student loans with abusive and illegal collection tactics, and not supervised by U.S. Education Dept. They eventually, collectively or severally lost their collection contracts with the Agency because of their collection tactics.

10). Plaintiff prays this Court to uphold his prayers as contained in his original Order to Show Cause with his claims in exhibits D, E, and L , because of the reasons stated in attached Volume #3, pages 1through 4.

That, principal defendants (ECMC and PCNA) never had a coherent evidence as to the lender of the loans to the plaintiff ( the borrower). ECMC has manufactured and conjured up, under "penalty of perjury", different lender names before NYS Supreme Court.  Conflicting information  were presented to NYS Supreme Court between ECMC "litigation specialist" attorney Kerry Klisch , and our learned attorney, Kenneth Baum. See attached Volume # 2, "Affirmation from Kenneth Baum exhibit 3-00 ( page 3), items #11, and exhibit 3-00, (page 2) item #6.

Plaintiff submits to this Honorable Court that his three loans were from Knickerbocker Federal Savings of New York, and the last $140.00 per month payment ( instead of agreed $90.00) was finally discharged in September 23rd, 1988 with a $0.00 balance. Anything contrary is a

d). Unable to send my kids to my Alma Mater due to financial constraint imposed on me, and my two boys had to settle for smaller private colleges.

e). I lost credibility with my employees while advising them to honor their student loan payments, student loan collectors ( ECMC/PCNA) were calling my office leaving messages of a phantom, defaulted loan that never existed, and discussing loan payments with my employees ( third party).

12). Plaintiff prays Your Honor to consider that the key consideration in my prayer is the word "irreparable". I respectfully submit to this Court that mere injuries, however substantial in terms of money, time and energy already expended in the absence of majestic justice, is not enough. In this litigation, adequate compensatory or other corrective relief must be applied against the irreparable damages inflicted, and still been inflicted on me intentionally by ECMC/PCNA.

13). I solemnly submit to this Honorable Court that, I never owed any student loan, never defaulted, never sought forgiveness, and never declared bankruptcy. I pray this Court to uphold the judgments of the State Supreme Court and award damages in the interest of justice against ECMC and PCNA who have already been found guilt collectively or severally by the U.S. Education Dept. by the revocation of their collection activities.

Respectfully,

Emmanuel A. Adigun- Plaintiff

July 23rd, 2020