RECEIVED
SDNY PRO SE OFFICE

**DISTRICT COURT JUDGE ANALISA TORRES**    2020 NOV 20  PM 2: 27
**SOUTHERN  DISTRICT OF NEW YORK.**        Case #20-cv- 03676(AT)(SN)

**EMMANUEL A. ADIGUN.**                  ]
              **Plaintiff**             ].   **Response to PCNA Motion to**
                                        ].   **Dismiss dated October 30,2020**
              **V.**                     ]
                                         ]
**IRS, SSA, ECMC &. PCNA.**              ]
              **Defendants.**            ]

**I, Emmanuel A. Adigun, the Plaintiff in this case, hereby says to this**

**Honorable Court presided over by Judge Analisa Torres:**

**1). That the "Motion to Dismiss " submitted by the Defendant (PCNA)**

   **to this Honorable Court on October 30th 2020, is the same**

   **"Motion to Vacate " submitted to Honorable Ruben Franco of**

   **Supreme Court of the State of NewYork, Bronx on February 24th**

   **2020 that was denied on June 1, 2020.I therefore pray this Court**

   **reaffirm the dismissal of New York State Supreme Court by**

   **rejecting the motion for the following reasons:**

   **1). <u>Plaintiff's Response to PCNA Fed. R. Civ. P. 12(b)(5)</u>**

      **PCNA's claim is not only lame, it is totally absurd. On August 18th 2020,**

      **Plaintiff notified the Court  on PCNA deliberate attempts at refusing Notice**

      **of Summons delivered to three different locations, the last, being the office**

      **of PCNA's registered agent, CT Corporation. CT Corporation's name was**

      **voluntarily submitted to New York State Supreme Court in the Bronx in one**

of it's fruitless efforts praying the Supreme Court in the Bronx to Dismiss

Plaintiff's Order to Show Cause pursuant to New York Civil Practice Law

(CPLR § 3211(a)(7).

2). On the Order of this Court on August 31st 2020, (Doc. # 22), directing the

Plaintiff to again ( ...."properly serve Premiere Credit through its registered

agent....). Plaintiff promptly complied by properly serving the registered

agent CT Corporation again.  Plaintiff respectfully refer this Court to his

letter dated September 5, 2020 with attachments showing service materials

forwarded to Defendant's registered agent in New York( FF-1).The name of

the " registered agent " CT Corporation was volunteered to New York State

Supreme Court under "penalty of perjury" by Defense Attorney.

3). Plaintiff attach herein, for the benefit of this Honorable Court,USPS (FF-2)

tracking history of the September 5th 2020, summon to CT Corporation

ordered by this Court which the "registered agent " again refused to accept.

Plaintiff prays this Court to in the minimum sanction to

dismiss its motion for corruptly, in conspiracy with CT Corp.,

deliberately obstruct or impede the due administration of Justice in a civil

discovery. This is a Federal offense, therefore a violation of 18 U.S.C.1503.

4). Plaintiff submits with clarity that Defendant's motions, pleadings and

complaints about Plaintiff's noncompliance with New York CPLR § 311

(a)(1) and other provisions of CPLR §311were soundly dismissed by

New York State Supreme Court. It became clear to that Court that

the underlying, entrenched, and systemic predicate offenses were

fraudulent, and Plaintiff's efforts at exposing them were affirmed by
the Bronx State Supreme Court.

5). Contrary to Defense Attorney's ranting before this Honorable Court, New
York State Supreme Court in the Bronx, actually instructed the Plaintiff that,
inter Alia:

>"Sufficient cause appearing therefor, let service by first class mail
>of a copy of this order, the affidavit in support, and all other
>papers upon which this order is granted, upon all parties to this
>action or their attorneys, who have appeared in this action, on or
>before the 17th day of September, 2019 be deemed good and
>sufficient. An affidavit or other proof of service shall be
>presented to this Court on the return date directed in the
>second paragraph of this order".

This quoted paragraph is in volume #1 of "Plaintiff's response to DOJ's case
presentation to District Judge Analisa Torres" dated July 8th, 2020. It is on
Justice Ruben Franco's signature page of OTSC. It is by now clear, that
deliberate falsehood and misrepresentation of facts are part and parcel of
Defendant's doctrine in this case. Our learned Defense Attorney is engaging
in this doctrine of falsehood and misrepresentation of facts because its case
is incompetent and unmeritorious.

-3-

6). <u>Plaintiff's Response To Defendant's Claim that It's Complaint Fails To</u>

   <u>State A Cause Of Action Against Premiere Credit Of North America.</u>

a).Plaintiff submits to this Court that nothing is more further from the truth

   than this statement. Plaintiff submits to this Court, pages three and four

   (3&4) of his response to the same claim by the Defense Attorney at the

   New York State Supreme Court last year. The full response is Volume #4

   already submitted to this Court.  (FF-3)

b). Plaintiff also submitted to this Court a letter dated March 7th 2013,

   forwarded to Plaintiff's by Premiere Credit of North America, LLC

   a letter DOJ did not want this Honorable Court to see by not

   including it in its submittal of May 12th, 2020 to this Court. See Volume

   #1 Exhibit J. The letter claims,Plaintiff owed a balance of$17,034.90.

c).  And also in same Volume #1, after Plaintiff repeatedly requested for his

   payment history from PCNA, Plaintiff received two pages titled " Borrower

   Transaction History Report" showing Plaintiff owe $22,329.98. See

   Volume #1, Exhibit EA-4(b)

d).  It is quite clear that PCNA was not only a third party sub-contractor to

   ECMC, PCNA was neck and feet privy to the illegal student loan debt

   collection I never owed and never defaulted on. Hence the removal of

   the company from loan collection activities by the U.S. Department of

   Education for convenience. Plaintiff, therefore prays the Court to reject

   Defense Attorney claim that Plaintiff complaint fails to state a cause of

   action against its client PCNA

e). Finally, the fraudulently repackaged phantom defaulted loan to Dept.of

Education was hatched and implemented between ECMC as guaranty

agency, and PCNA as third party contractor to ECMC. Student loans that

was received between 1978 and 1982, completely paid in 1988, fraudulently

repackaged twenty years later under a new Federal loan program ( FFELP),

and submitting it as an evidence of defaulted student loan, used it to get

my tax refund offset, reported the so called default to Dun and Bradford

and thereafter ruined my credit and my good name, must be considered by

this Honorable Court as one of the highest fraudulent schemes ever. And

yet, Attorney Samantha R. Millar of Hinshaw &Culbertson have the

effrontery to state before this Court that Plaintiff's " complaints fails to

plead allegations, either generally or with any particularity, against

Premiere Credit". What an undiluted impudence!

## RESPONSE TO CLAIM OF TIME-BARRED BY DEFENDANT - PCNA

7). A tax refund offset that has fraud, corruption, and illegality as its foundation,

Should and must not be construed to be time-barred. The offset on my refund,

has illegally been going on for decades based on fraudulent manipulation of

system by  fraudulent student loan collectors (ECMC and PCNA), it is

still on going, and the offset was set up to be in perpetuity. When does this

perversion of Justice end on a loan that was religiously discharged? I pray

this Court to end it.

-5-

In conclusion, Plaintiff submits to this Court that the Department of Justice (DOJ) was established to dispense justice, as one of its creeds, to dispense Justice without bias. Right from the transfer of this case to this Court, the bias of DOJ was so apparent. And it ended in the conclusion of its motion of October 20th 2020, praying this Court to "...... the Court should dismiss this action in its entirety. Alternatively, the Court should dismiss the IRS and SSA from this action". It is very interesting that an institution of Justice, DOJ, empowered by the Congress of United States under the improved Security Act of 1989 (FIRREA) to prevent defendants from keeping the fruits of illegal conduct (fraud), akin to preventing the bank robber from keeping a stolen money, that DOJ, should now be a refuge to fraudsters who illegally and fraudulently repackaged a non existing student loan as a defaulted loan.

By praying this Court to "dismiss" Plaintiff case against them is an indirect blanket sovereign immunity which this Honorable Court should not grant private contractors and third party sub-contractors. It will amount to a radical departure from the doctrine of precedent. And I pray this Court to reject the idea.

On our two Defense Attorneys, (Law Offices of Kenneth L. Baum and Hinshaw & Culbertson), Plaintiff submits to this Court that a very serious judicial look into wether a professional misconduct has been committed. Plaintiff submits to this Court, that if adherence to Rule 8.4 was actually observed by Defense Attorneys,

a). Did Attorneys take the time to interview and evaluate the credibility

- 6 -

of their clients in asserting that my student loan was FFEL program.

b). Did Attorneys educate their clients about the civil and, criminal sanctions and other penalties that this Court can impose against affirmatively misrepresenting facts in sworn and unsworn discovery before this Court.

Now that the truth has been ferret out concerning the repackaging of the bogus defaulted student loan to the IRS and SSA for my tax offsets, which Defense Attorneys have gleefully repeated before this Court without any attempt at correcting any misstatements or deception, Plaintiff hereby prays this Court to mete out ultimate sanction. The rules governing lawyers ethical obligations in the context of false testimony must, ( I respectfully submit) be upheld because a breach of professional ethics, or of the law, is more harmful to the administration of justice because it is in the public interest.

Respectfully,

Emmanuel A. Adigun| Plaintiff

November 16th, 2020.