UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL A. ADIGUN,

                Plaintiff,

-against-

INTERNAL REVENUE SERVICE; SOCIAL
SECURITY ADMINISTRATION; ECMC; PREMIER
CREDIT OF N. AMERICA; WACHOVIA
EDUCATIONAL SERVICES; NYS HIGHER
EDUCATION SERVICES,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2021_____

20 Civ. 3676 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On August 29, 2021, Plaintiff *pro se*, Emmanuel A. Adigun, filed this action in Supreme Court Bronx County, seeking an order preventing federal agencies from diverting to a student loan guaranty agency funds due to him. ECF Nos. 3 ¶¶ 1, 4; 15 at 1. Defendants, the Internal Revenue Service and the Social Security Administration, removed this action to this Court on May 12, 2020. ECF No. 3. On May 15, 2020, the Court directed Plaintiff to serve a summons and complaint on each Defendant within 90 days of the issuance of the summonses. ECF No. 7. The Court cautioned Plaintiff that failure to complete service within 90 days would result in dismissal for failure to prosecute under Rules 4 and 41 of the Federal Rules of Civil Procedure. *Id.* On that same day, the Clerk of Court issued a summons as to Defendant NYS Higher Education Services ("NYSHES"). 5/15/2020 Docket Entry.

      On November 12, 2020, NYSHES moved to dismiss Plaintiff's claim against it for failure to prosecute, ECF Nos. 50, 56, stating that Plaintiff had not served it, ECF No. 56 at 2. On November 30, 2021, the Court directed Plaintiff to respond to NYSHES's motion by December 10, 2020, and warned that if he failed to do so, the Court would dismiss his case against

NYSHES for failure to prosecute pursuant to Rule 41(b). ECF No. 53. Plaintiff has yet to respond.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket [balanced] against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Plaintiff has failed to participate in the prosecution of this action against NYSHES for at least 11 months. He has

also defied two court orders, including the order to serve NYSHES with a summons and complaint by August 13, 2020, and the order to file an opposition to NYSHES's motion to dismiss.  *See* ECF Nos. 7, 53.  Second, the Court warned Plaintiff on two occasions that failure to serve NYSHES or to respond to its motion could result in dismissal for failure to prosecute.  ECF Nos. 7, 53.  And NYSHES's motion to dismiss the action on that basis reiterated that notice.  ECF No. 56 at 2.  Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Here, Plaintiff's unexcused delay has been exceptionally long.  Fourth, dismissal without prejudice properly balances the "need to clear [the] calendar without unduly penalizing a *pro se* litigant for failing to comply with" a court order.  *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010).  Finally, any sanction less than dismissal without prejudice would seemingly be ineffective because Plaintiff has failed to respond to court orders over a lengthy period.  *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

Accordingly, NYSHES's motion to dismiss the case against it for failure to prosecute is GRANTED.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated:  April 20, 2021
    New York, New York

_____
ANALISA TORRES
United States District Judge