```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
EMMANUEL A. ADIGUN,

                 Plaintiff,

        -against-

INTERNAL REVENUE SERVICE; SOCIAL SECURITY ADMINISTRATION; ECMC; PREMIER CREDIT OF N. AMERICA; WACHOVIA EDUCATIONAL SERVICES; NYS HIGHER EDUCATION SERVICES,

                 Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/16/2021
```

20 Civ. 3676 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Emmanuel Adigun, brought this action in Supreme Court, Bronx County alleging, *inter alia*, that Defendants, the Internal Revenue Service (the "IRS"), the Social Security Administration (the "SSA"), ECMC, Premiere Credit of North America ("Premiere"), Wachovia Educational Services ("Wachovia"), and NYS Higher Education Services,[1] caused improper deductions to be withheld from his tax refunds and social security benefits due to their false belief that he defaulted on certain student loans. Order to Show Cause, ECF No. 3-1 at 2–5. The IRS and SSA removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which provides that "[a] civil action . . . that is commenced in a [s]tate court and that is against . . . [any United States agency] may be removed by them to the district court." ECF No. 3; 28 U.S.C. § 1442(a)(1). The IRS, SSA, ECMC, and Premiere move to dismiss the claims against them. ECF Nos. 23, 27, 43. Although Plaintiff styled some of his opposition briefs as motions for summary judgment, based on their substance, the Court considers them to be opposition papers. ECF Nos. 35, 42. The Court referred the motions to the Honorable Sarah Netburn for a report

---

[1] On April 20, 2021, the Court dismissed all claims against NYS Higher Education Services for failure to prosecute. ECF No. 60.

and recommendation. ECF No. 47. On July 27, 2021, Judge Netburn issued a report and recommendation (the "R&R") recommending that the IRS and the SSA's motion be granted, that the Court decline to exercise supplemental jurisdiction over the claims against ECMC and Premiere, and that the claims against Wachovia be dismissed for failure to prosecute. R&R at 2, ECF No. 61. Now before the Court are ECMC's objections, ECMC Obj., ECF No. 62, and Adigun's objections to the R&R, Pl. Obj., ECF No. 65. For the reasons stated below, the objections are OVERRULED and the R&R is ADOPTED.

## BACKGROUND[2]

In 1982, Adigun graduated from the Polytechnic University of Brooklyn with a bachelor's degree in civil engineering. R&R at 2. He financed his education, at least in part, with student loans. *Id.* Adigun alleges that he paid his loans in full, but, the IRS and SSA have been wrongfully withholding his payments and benefits through the Treasury Offset Program, a federal program that allows the Department of the Treasury to collect delinquent non-tax debts owed to the federal government. *Id.* at 2, 3; *see* 31 U.S.C. § 3716 *et seq*. Adigun alleges that the IRS and SSA have been paying the withheld funds to ECMC to resolve debts that they believe Adigun owes. Order to Show Cause ¶¶ 3–4; R&R at 3.

## DISCUSSION

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However,

---

[2] The Court presumes familiarity with the facts as set forth in the R&R, *see* R&R at 2–4, but will reiterate some key factual allegations here.

"when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (quotation marks and citation omitted).

II.     ECMC's Objections

ECMC contests the statement in the R&R that "[i]t is undisputed . . . that the IRS and the SSA have been withholding Adigun's payments and benefits . . . and paying those withheld amounts to ECMC[.]" ECMC Obj. ¶ 1 n.2; R&R at 3. However, Adigun's order to show cause alleges that the IRS and SSA have been paying the amounts withheld to ECMC, Order to Show Cause ¶¶ 3–4, and the IRS and SSA state that they "had been paying the deducted amounts to ECMC on account of debts that they understood [Adigun] owed to ECMC[,]" IRS & SSA Mem.

at 2, ECF No. 24.  Moreover, ECMC did not contest this fact in any of its papers before Judge Netburn.  *See* ECMC Letter, ECF No. 15; ECMC Mem., ECF No. 28; ECMC Aff., ECF No. 27-1; ECMC Reply, ECF No. 41.  Accordingly, the Court does not disturb Judge Netburn's characterization of this fact.  *Razzoli*, 2014 WL 2440771, at *5.

ECMC objects to Judge Netburn's recommendation that the Court decline to exercise supplemental jurisdiction over Adigun's causes of action against ECMC, contending that they arise under federal law.  ECMC Obj. ¶¶ 2–3.  Before Judge Netburn, ECMC argued that the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq*., and corresponding federal regulations applied to Adigun's claims against it.  ECMC Mem. at 4–7.  ECMC reiterates that argument here.  ECMC Obj. ¶ 2.  Before Judge Netburn, ECMC also contended that, to the extent Adigun alleges state law causes of action, those claims are preempted by federal law.  ECMC Mem. at 7–12.  The Court finds no clear error in Judge Netburn's finding that Adigun's causes of action against ECMC "are properly construed as state contract claims[.]"  R&R at 12; *Wallace*, 2014 WL 2854631, at *1 ("[W]hen a party . . . simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.).  In his order to show cause, Adigun seeks an order compelling ECMC to return "all IRS tax refund deductions" and "all monies collected from [the SSA.]"  Order to Show Cause ¶¶ 3–4.  This request for relief arises from his claim that ECMC breached the terms of his student loan promissory note.  The Court agrees that Adigun's claims against ECMC are state law claims.[3]

ECMC also argues that diversity jurisdiction might exist pursuant to 28 U.S.C. § 1332(a), and that "the Court should, at a minimum, conduct a separate hearing to determine whether the

---

[3] Premiere opposes ECMC's objections insofar as they acknowledge that Adigun has stated any claims against Premiere, Premiere Opp. ¶¶ 7–9, ECF No. 64, reiterating its arguments before Judge Netburn, Premiere Mem. at 9, ECF No. 44.  The Court finds no clear error in Judge Netburn's determination.  *Wallace*, 2014 WL 2854631, at *1.

matter in controversy exceeds $75,000.00." ECMC Obj. ¶ 4. ECMC cites no authority requiring the Court to conduct such a hearing. Moreover, the IRS and SSA removed the action based on a statute authorizing removal of cases against United States agencies. ECF No. 3; 28 U.S.C. § 1442(a)(1). ECMC has not articulated a separate basis for removal based on diversity jurisdiction. *See* ECF No. 3.

Accordingly, the Court REJECTS ECMC's objections.

### III.  Adigun's Objections

Adigun contests the R&R's "harsh" treatment of his attempt to serve Defendants. Pl. Obj. ¶ 3. After determining that service against the IRS and SSA was improper, Judge Netburn also analyzed their jurisdictional claims "in the interest of completeness[.]" R&R at 9–12. Because Adigun does not dispute Judge Netburn's recitation of particular facts, the Court reviews the R&R for clear error and finds none. *Wallace*, 2014 WL 2854631, at *1.

Adigun also directs the Court to his sur-reply memorandum, ECF No. 48, where he argues that the IRS and SSA have waived sovereign immunity under the Federal Tort Claims Act and the Eighth Amendment to the Constitution, *id.* ¶ 5. Pl. Obj. ¶ 4. Because Adigun does not allege a tort, the Federal Tort Claims Act's limited waiver of sovereign immunity does not apply, *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) ("[T]he Federal Tort Claims Act . . . 'constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances.'" (citation omitted)). Similarly, Adigun has not alleged facts which demonstrate that the government waived sovereign immunity under the Eighth Amendment. *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 937 (S.D.N.Y. 2018) ("Constitutional tort claims . . . must be brought against individual federal agents or employees

in their individual capacities through a *Bivens* action."), *aff'd*, 791 F. App'x 211 (2d Cir. 2019).

Adigun further complains that the R&R does not address his causes of action against ECMC and Premiere.  Pl. Obj. ¶ 5.  However, as discussed above, Judge Netburn correctly dismissed his claims against ECMC and Premiere for lack of subject matter jurisdiction.

Accordingly, the Court REJECTS Adigun's objections.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which ECMC properly objected and has reviewed the remainder of the R&R for clear error.[4]  For the reasons stated above, the Court ADOPTS the R&R in its entirety.  The IRS and SSA's motion to dismiss is GRANTED; the claims against ECMC and Premiere are DISMISSED and REMANDED to Supreme Court, Bronx County; the claims against Wachovia are DISMISSED; and Plaintiff's motions for summary judgment are DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 23, 27, 35, 42, and 43, and to close the case.

SO ORDERED.

Dated: September 16, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.